IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

CHRISTOPHER WAPNIARSKI,

    Defendant.

No. CR 03-30018-AA

OPINION AND ORDER

AIKEN, Judge:

On January 29, 2004, defendant pled guilty to being a felon in possession of a firearm and to possession of child pornography in violation of 18 U.S.C. §§ 922(g)(1) and 2252A(a)(5). On August 16, 2004, defendant was sentenced to concurrent terms of sixty and sixty-seven months imprisonment.

1    - OPINION AND ORDER

Defendant now moves to vacate, set aside, or correct his sentence pursuant to 25 U.S.C. § 2255. Relying on United States v. Booker, 125 S. Ct. 738 (2005) and Blakely v. Washington, 124 S. Ct. 2531 (2004), defendant argues that his sentence is unlawful, because he received a sentencing enhancement based on facts neither admitted by him nor found by jury beyond a reasonable doubt.

However, the Ninth Circuit recently ruled that the Supreme Court did not "announce a watershed rule of criminal procedure" and therefore "does not apply retroactively to a conviction that was final before that decision was announced." Schardt v. Payne, 414 F.3d 1025, 1037-38 (9th Cir. 2005).

Likewise, the Supreme Court held in Booker that its holding applied to "all cases on direct review," Booker, 125 S. Ct. at 769, and the Ninth Circuit and numerous courts have ruled consistently that Booker is not retroactive to cases that were rendered final before the Supreme Court's ruling on January 12, 2005. See United States v. Cruz, 423 F.3d 1119, 1119-20 (9th Cir. 2005); United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3rd Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); Humphress v. United States, 398 F.3d 855, 862-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005). Therefore, Blakely and Booker do not afford defendant the relief he seeks.

Accordingly, defendant's Motion to Vacate, Set Aside or Correct Sentence (doc. 34) is DENIED.

IT IS SO ORDERED.

Dated this 3 day of November, 2005.

*Ann Aiken*
Ann Aiken
United States District Judge